FILED

AUG 30 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| STEVEN GORDON, | ) No. 4-06-bk-00974-JMM |
| Debtor. | ) **MEMORANDUM DECISION** |

      The Trustee's motion for turnover and the Trustee's objection to exemption came on regularly for hearing on August 20, 2007. The Trustee was represented by Michael M. Neal; the Debtor was represented by Ronald Ryan.

      After consideration of the undisputed facts and the law, the court now rules.

## FACTS

1. Between June 22, 2006 and August 17, 2006, the Debtor's employer withheld, from Debtor's wages, pursuant to a garnishment of creditor Discover Bank, the sum of $1,386.27.

2. On August 15, 2006, the Debtor filed a chapter 7 bankruptcy petition.

3. Discover Bank never sought to perfect its garnishments by obtaining a judgment against the garnishee-defendant (the employer).

4. On August 31, 2006, Discover Bank released the garnishment.

5. On August 31, 2006, the employer returned $1,386.27 to the Debtor.

6. The Trustee seeks said sum, as a non-exempt asset.

1    7.      The Debtor maintains that only 25% of these funds are subject to turnover to the Trustee, the balance being exempt wages. His theory is that although the employer only withheld the statutory non-exempt amount, that because they were never "paid over to the creditor" that they, too, are entitled to the 75/25 exempt/non-exempt treatment accorded to a normal paycheck.

     8.      The Trustee contends that the legal character of the funds makes them a non-exempt asset in their entirety.

## DISCUSSION

The funds held by the employer, as of the date of the filing, represented an unpaid, non-exempt asset of the Debtor. The exempt portion of the garnished paychecks had previously been paid to the Debtor. These funds were still the Debtor's property as of the date of filing, albeit subject to future dispossession by a judgment in garnishment.

When the creditor released its garnishment, or more precisely, was unable to perfect its garnishment prior to bankruptcy, the funds reverted to the Debtor's Trustee. They did not gain a new and different exemption status, nor did their character change from non-exempt to exempt. They always represented an unpaid, non-exempt asset as of the date of bankruptcy.

None of the monies are entitled to any exemption whatsoever.

## RULING

The Trustee's motion for turnover will be granted. The Debtor's claim of exemption for said funds will be overruled, and the Trustee's objection to exemption granted. A separate order will be entered simultaneously with the issuance of this Memorandum Decision. FED. R. BANK. P. 9021.

DATED: August 30, 2007.

*James M. Marlar*
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

2

| | |
|---|---|
| 1 | COPIES served as indicated below this 30th day of August, 2007, upon: |
| 2 | |
| 3 | Ronald Ryan<br>Ronald Ryan PC<br>3522 N. Boyce Spring Ln. |
| 4 | Tucson, AZ 85745-0001<br>E-mail: ronryanlaw@cox.net |
| 5 | Attorney for Debtor |
| 6 | Michael M. Neal<br>110 S. Church Ave., #4298 |
| 7 | Tucson, AZ 85701<br>Email mmnealpc@qwest.net |
| 8 | Attorney for Trustee |
| 9 | Ronald Ancell, Trustee<br>1721 W. Klamath Dr. |
| 10 | Tucson, AZ 85704<br>Email rancell@epitrustee.com |
| 11 | |
| 12 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 13 | U.S. Mail |
| 14 | |
| 15 | By /s/ M. B. Thompson<br>    Judicial Assistant |

3